UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00076-JPH-MJD |
| | ) | |
| BARBARA BLANCKENSEE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT,
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Brian Brown, an inmate at USP Terre Haute, brings this action alleging that the defendants violated his civil rights. Because Mr. Brown is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

Mr. Brown's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. Although he is excused from *pre*-paying the filing fee in this case, he remains obligated for the full $350.00 filing fee.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

On February 1, 2021, Mr. Brown initiated this action by filing a document titled, "Motion for Emergency Order of Restraint, Imminent Danger of Serious Harm, Rule 65 Fed. R. Civ. P." The Court interprets this document as a complaint. The complaint names two defendants: Bureau of Prisons Regional Director Barbara Blanckensee and USP Terre Haute Warden T.J. Watson.

On December 1, 2020, Mr. Brown's housing unit was placed in quarantine after 40 inmates tested positive for COVID-19. As a member of this housing unit, Mr. Brown was placed in quarantine even though he tested negative for COVID-19. His CPAP breathing machine, which he has been prescribed for sleep apnea, and his eyeglasses were seized. Mr. Brown has made numerous requests for the return of his medical equipment, including emails to Warden Watson, but his equipment has not been returned.

Mr. Brown is seeking injunctive relief, specifically the return of his medical equipment and other seized property.

## III.
## DISCUSSION

An inmate may sue federal employees for deliberate indifference to the inmate's serious medical needs in violation of the Eighth Amendment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856-57 (2017); *Carlson v. Green*, 446 U.S. 14, 24 (1980). Federal courts may grant injunctive relief

against a federal officer who is violating federal law in a suit against naming the officer in his official capacity. *See Armstrong v. Exception Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015).

The claims against Director Blanckensee are **DISMISSED for failure to state a claim upon which relief may be granted**. The complaint does not permit a reasonable inference that Director Blanckensee was personally involved in the seizure of Mr. Brown's medical equipment, or that Director Blanckensee was deliberately indifferent to Mr. Brown's serious medical needs. Although the complaint references conduct Director Blanckensee allegedly committed while Mr. Brown was confined to USP Tucson, this history does not create a reasonable inference that Director Blanckensee had any involvement in the seizure of his medical equipment.

The claims against Warden Watson are **DISMISSED as duplicative** of the claims Mr. Brown has raised in *Brown v. Watson*, 2:20-cv-576-JRS-MJD. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (district courts have broad discretion to dismiss a suit that is duplicative of another pending action when the "claims, parties, and available relief do not significantly differ between the two actions").

In that case, Mr. Brown is proceeding on an Eighth Amendment medical needs claim against Warden Watson in his official capacity. As in this case, Mr. Brown is seeking the return of his CPAP breathing machine and other medical equipment. *Brown*, 2:20-cv-576-JRS-MJD, dkt. 10. These suits are duplicative because in both actions Mr. Brown is seeking the same injunctive relief from Warden Watson under a theory of deliberate indifference to his serious medical needs. Accordingly, the Court exercises its discretion to dismiss the claims in this action against Warden Watson. If Mr. Brown wishes to amend his complaint in the earlier action to include additional facts, he may seek the Court's leave to do so.

## IV.
## OPPORTUNITY TO AMEND

The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, the plaintiff shall have **through April 23, 2021, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must include: (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (2) a demand for the relief sought; and (3) a description the plaintiff's injuries and the parties responsible.

Any amended complaint should have the proper case number, 2:21-cv-76-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 3/19/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN L. BROWN
05937-010
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808