UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00076-JPH-MJD |
| | ) |
| BARBARA BLANCKENSEE, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Brian L. Brown seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. For the reasons explained below, this motion is **DENIED**.

**I. LEGAL STANDARD**

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

**II. BACKGROUND**

On February 1, 2021, Mr. Brown initiated this action by filing a document titled, "Motion for Emergency Order of Restraint, Imminent Danger of Serious Harm, Rule 65 Fed. R. Civ. P." The Court interpreted this document as a complaint. The complaint named two defendants: Bureau of Prisons Regional Director Barbara Blanckensee and USP Terre Haute Warden T.J. Watson. *See* dkt. 1 (the complaint).

Mr. Brown has "struck out" by filing three or more civil actions or appeals that were dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted. Ordinarily, he would be precluded from proceeding in a civil action *in forma pauperis*. *See*

28 U.S.C.A. § 1915(g). However, Mr. Brown was allowed to proceed *in forma pauperis* in this action under the "imminent danger of serious bodily injury" exception. *See* dkt. 2, p. 2 (motion to proceed *in forma pauperis*); dkt. 5, p. 1 (order granting motion); 28 U.S.C.A. § 1915(g) (prisoners who have "struck out" may proceed without pre-paying the filing fee if they are in imminent danger of serious physical harm).

The complaint made the following allegations. On December 1, 2020, Mr. Brown's housing unit was placed in quarantine after 40 inmates tested positive for COVID-19. As a member of this housing unit, Mr. Brown was placed in quarantine even though he tested negative for COVID-19. His CPAP machine, which he has been prescribed for sleep apnea, and his eyeglasses were seized. Mr. Brown has made numerous requests for the return of his medical equipment, including emails to Warden Watson, but his equipment has not been returned. His complaint sought only injunctive relief, specifically the return of his medical equipment and other seized property. *See* dkt. 5 (screening order).

On March 19, 2021, the Court issued an order screening and dismissing the complaint. *Id.* The Court found that the facts alleged in the complaint did not create a reasonable inference that Regional Director Blankensee was personally involved in an alleged constitutional violation. *Id.* at 3. The Court also found that the claim for injunctive relief against Warden Watson in this action was duplicative of his claim for injunctive relief against Warden Watson in another pending lawsuit. *Id.* (citing *Brown v. Watson*, Case No. 2:20-cv-576-JRS-MJD). In both actions, Mr. Brown seeks an order compelling Warden Watson to return his seized medical equipment, including his CPAP machine.

The Court reasoned that Mr. Brown could seek the Court's leave to amend his complaint in Case No. 2:20-cv-576 to include additional allegations of misconduct by Warden Watson.

2

However, given that in both cases he is seeking the return of his medical equipment under a theory of Warden Watson's deliberate indifference to a serious medical need, the Court found that judicial economy would be best served by dismissing the claim against Warden Watson in this action as duplicative.

Mr. Brown was given an opportunity to file an amended complaint in this action to avoid dismissal. Dkt. 5, p. 4. He did not file an amended complaint. Instead, he filed a six-page typewritten motion for an extension of time. Dkt. 7. His motion argued that he did not have sufficient time or typewriter access to file a timely amended complaint. *Id.* The Court denied Mr. Brown's motion for time, reasoning that he could have and should have used his available time and resources to file an amended complaint rather than a lengthy motion for time. Dkt. 8. Accordingly the Court dismissed the action. *Id.*

Mr. Brown has filed a notice of appeal, and his case has been assigned appellate case number 21-2278. Dkt. 12, 15. The notice of appeal states that his lawsuit was "[d]ismissed [w]ithout notice . . . because of a February 2021 Court of Appeals Pleading used as a April Exhibit. The Procedural Block is Appealed to the United States Court of Appeals for the Seventh Circuit." Dkt. 12.

Mr. Brown has also filed a motion to proceed on appeal *in forma pauperis*. Dkt. 18. He states that he wants to appeal the dismissal of the Eighth Amendment injunctive relief claim against Warden Watson as duplicative of his Eighth Amendment injunctive relief claim against Warden Watson in Case No. 2:20-cv-576. *Id.* at para. 3. In support, he states that his claim in this action and the claim in the Case No. 2:20-cv-576, involve different facts that occurred on different days. *Id.*

### III. DISCUSSION

In Case No. 2:20-cv-576, Mr. Brown alleges that he has been deprived access to medical equipment, including his CPAP machine and a means to sanitize his CPAP machine, since September 22, 2020. *Brown*, 2:20-cv-576, dkt. 10, p. 2 (screening order). He is proceeding on an injunctive relief claim against Warden Watson in his official capacity for the return of his medical equipment. *Id.* at 3. In this case, Mr. Brown alleges that his medical equipment, including his CPAP machine, has been seized and that Warden Watson refuses to give it back.

Although some of the specific facts alleged in the two complaints might be different, the questions the Court would have to resolve are the same: Does Mr. Brown have a serious medical need? Does his medical equipment, including his CPAP machine, address his serious medical need? Has Warden Watson refused to return this medical equipment? Does Warden Watson have a justifiable basis to refuse to return this medical equipment?

As the Court explained in the order screening the complaint, district courts have broad discretion to dismiss a suit that is duplicative of another pending action when the "claims, parties, and available relief do not significantly differ between the two actions." Dkt. 5, p. 3 (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012)). The Court determined that the injunctive relief claim against Warden Watson in this action was sufficiently similar to the injunctive relief claim against Warden Watson in an older pending lawsuit to warrant dismissal. The Court provided Mr. Brown with an opportunity to amend his complaint. Mr. Brown did not file a timely amended complaint, and the action was therefore dismissed.

There is no objectively reasonable argument Mr. Brown could present to argue that the disposition of this action was erroneous. District courts have broad discretion to manage their own dockets and dismiss duplicative litigation. Furthermore, the claim against Warden Watson was

sufficiently similar to a claim in an older lawsuit to warrant dismissal. In pursuing an appeal, therefore, Mr. Brown "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and the motion to proceed on appeal *in forma pauperis* is **DENIED**.

## IV. CONCLUSION

For the reasons explained above, Mr. Brown's motion to appeal *in forma pauperis*, dkt. [18] is **DENIED**.

**SO ORDERED.**

Date: 12/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN L. BROWN
05937-010
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808